UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60036-DIMITROULEAS/HUNT

18 U.S.C. § 371
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

vs.

MCNEIL MCKOY WILSON and
TATIANA NICOLE LOPEZ,

Defendants.
_____/

FILED BY ___BM___ D.C.

Feb 19, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

#### Unemployment Insurance

1. Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program, Federal Pandemic Unemployment Compensation, and the Lost Wages Assistance Program.

2. In the State of California, the Employment Development Department ("CA-EDD") based in Sacramento, California, administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility

to receive UI benefits, including their name, Social Security Number ("SSN"), and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The CA-EDD relied upon the information in the application to determine UI benefits eligibility. In order to successfully file a UI claim with the CA-EDD, the applicant had to pass an identity verification process with "ID.me" (www.id.me) by submitting the applicant's personal information, a copy of the applicant's driver license, and a selfie photograph to ID.me. In order to submit a selfie photograph, a text message was sent to the claimant's cellular telephone containing a link that allowed the claimant to upload the photograph to ID.me. Facial recognition software was then used to compare the selfie photograph with the photograph on the applicant's driver license. Once an application was approved, the CA-EDD typically distributed state and federal UI benefits electronically to a debit card administered by Bank of America, N.A. ("Bank of America"), which claimants could use to withdraw funds and/or make purchases. These debit cards were sent via the United States Postal Service to the address the claimant provided. Claimants could activate their debit card via telephone or online.

3. Visa Debt Processing Solutions ("Visa DPS") was a vendor contracted by Bank of America to process all transactions on UI prepaid debit cards, including those issued by the CA-EDD. Visa DPS had two platform processor data centers that housed all of the UI prepaid card data for Bank of America. Those data centers were located in Ashburn, Virginia and Highlands Ranch, Colorado. Any transaction made on a Bank of America UI prepaid debit card, including loading of funds, point of sale transactions, and Automated Teller Machine ("ATM") withdrawals, passed through one of those two data processor centers.

## The Defendants

4. Defendant **MCNEIL MCKOY WILSON** was a resident of Broward County, Florida.

5. Defendant **TATIANA NICOLE LOPEZ** was a resident of Broward County, Florida.

## Relevant Financial Institution

6. Bank of America was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

## CONSPIRACY TO COMMIT WIRE FRAUD
## (18 U.S.C. § 371)

From in or around January 2021, through in or around August 2021, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MCNEIL MCKOY WILSON and
TATIANA NICOLE LOPEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the United States Attorney to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, transmitting and causing to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

7. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by submitting false and fraudulent applications to the CA-EDD for UI benefits and payments and causing the CA-EDD to issue UI benefits and payments in the form of prepaid debit cards mailed to residences in the Southern District of Florida and elsewhere.

## MANNER AND MEANS OF CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

8. One or more members of the conspiracy obtained the personally identifiable information ("PII") of victims without lawful authority. Such PII included, without limitation, names, dates of birth, and SSNs.

9. One or more members of the conspiracy used the PII to submit fraudulent UI claims to the CA-EDD under the corresponding persons' identities without their authorization using an electronic device that could access the Internet.

10. One or more members of the conspiracy also used the PII to create forged driver licenses with the victims' names and a photograph of **MCNEIL MCKOY WILSON**, copies of which were used to create accounts on ID.me. **WILSON** then submitted selfie photographs of himself to ID.me in order to fraudulently verify the identities on the forged driver licenses.

11. The UI benefit applications contained false and fraudulent representations, including, without limitation: the claimants' contact information; that the claimants lived in a particular state; that the claimants were available to work during the prescribed periods; and that the claimants were newly unemployed due to a disaster, including the COVID-19 pandemic. In reliance on these false and fraudulent representations, the CA-EDD approved the fraudulent claims submitted by one or more members of the conspiracy.

12. Having approved the fraudulent UI claims, the CA-EDD deposited funds into debt card accounts administered by Bank of America, which involved the use of interstate wires. Bank of America then mailed the debit cards via the United States Postal Service to residential addresses in the Southern District of Florida, and elsewhere, that had been provided by one or more members of the conspiracy.

13. **MCNEIL MCKOY WILSON** and **TATIANA NICOLE LOPEZ** obtained possession of some of the fraudulently obtained debit cards received by members of the conspiracy and others and used them to make cash withdrawals at ATMs in the Southern District of Florida and used the money for their own benefit and for the benefit of others who were also not entitled to the money.

14. Over the course of the conspiracy, the CA-EDD approved at least 57 fraudulent UI claims submitted by one or more members of the conspiracy resulting in the disbursement of approximately $463,436 in the form of prepaid debit cards issued by Bank of America.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose and object thereof, at least one of the conspirators committed and caused to be committed in the Southern District of Florida and elsewhere, at least one of the following acts, among others:

15. On or about April 5, 2021, **TATIANA NICOLE LOPEZ** withdrew $1,000 from an ATM in the Southern District of Florida using a fraudulently obtained Bank of America debit card ending in 4915.

16. On or about April 13, 2021, **MCNEIL MCKOY WILSON** withdrew $1,000 from an ATM in the Southern District of Florida using a fraudulently obtained Bank of America debit card ending in 6276.

17. On or about October 19, 2021, **TATIANA NICOLE LOPEZ** withdrew $1,000 from an ATM in the Southern District of Florida using a fraudulently obtained Bank of America debit card ending in 8654.

18. On or about October 29, 2021, **MCNEIL MCKOY WILSON** withdrew $1,000 from an ATM in the Southern District of Florida using a fraudulently obtained Bank of America debit card ending in 7429.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
## (18 U.S.C. § 982(a)(2))

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which one or more of the defendants, **MCNEIL MCKOY WILSON** and **TATIANA NICOLE LOPEZ**, have an interest.

2. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1343, as alleged in this Information, the defendant so convicted shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B).

All pursuant to Title 18, United States Code, Section 982(a)(2)(B), and the procedures set forth at Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b).

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: __25-CR-60036-DIMITROULEAS/HUNT__

v.

MCNEIL MCKOY WILSON, et al.,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☑ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I ☑ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Sean Paul Cronin
Assistant United States Attorney
SDFL Court ID No. A5500940

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: McNeil McKoy Wilson

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine:  The greater of $250,000 or twice the gross loss or gain

Counts #:


* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

Count #:


* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Tatiana Nicole Lopez

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  The greater of $250,000 or twice the gross loss or gain**

Counts #:

_____

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

Count #:

_____

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. **25-CR-60036-DIMITROULEAS/HUNT** |
| MCNEIL MCKOY WILSON, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) Case No. **25-CR-60036-DIMITROULEAS/HUNT** |
| TATIANA NICOLE LOPEZ, | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*